UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DESHAWN HUNTER,** | ) Case No. 5:11cv982 |
| | ) Criminal Case No. 5:07cr40 |
| Petitioner, | ) |
| | ) **Judge Dan Aaron Polster** |
| vs. | ) |
| | ) **MEMORANDUM OF OPINION** |
| **UNITED STATES OF AMERICA,** | ) **AND ORDER** |
| | ) |
| Respondent. | ) |

Before the Court is Petitioner Deshawn Hunter's *pro se* motion under 28 U.S.C. §2255 to vacate conviction and sentence, filed on May 17, 2011.  (**Doc #: 1**).  On May 7, 2007, Petitioner, pursuant to a written agreement, pled guilty to knowingly possessing a firearm in violation of 18 U.S.C. 922(g)(1).  (Doc ##: 25, 26.[1])  The Court sentenced Petitioner to a prison term of seventy-seven (77) months, running consecutively with a state sentence, along with three (3) years supervised release on September 5, 2007.  (Doc #: 31.)  Judgment was entered the same day as sentencing.  (Doc #: 32.)

Under 28 U.S.C. § 2255, a federal district court may grant relief to a prisoner in custody under a sentence imposed by that court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." *Id.*  To prevail on a §2255

---

[1] All document references, except for the instant motion, are from the criminal case, No. 5:07cr40.

claim, the petitioner must show a fundamental defect in the proceedings "which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Nagi v. United States,* 90 F.3d 130, 133-34 (6th Cir. 1996) (quoting *Gall v. United States,* 21 F.3d 107, 109 (6th Cir. 1994)).

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge to whom it is assigned to promptly make a preliminary examination of the petition, records, and transcripts relating to the judgment under attack.

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.  Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

*Id*.  Having reviewed the records and transcripts relating to the judgment under attack, the Court finds that Petitioner is not entitled to relief.

The basis for Petitioner's motion is difficult to ascertain but appears to be that the Court did not have jurisdiction to sentence him.  Under §2255(f), the statute of limitations period to file a §2255 motion is one year.  The Sixth Circuit affirmed the Court's sentence and judgement on March 16, 2009.  (Doc #: 52.)  The mandate was issued on April 16, 2009.  (Doc #: 53.)  Petitioner's §2255 motion was filed more than two years after the issuance of the mandate, and therefore is untimely.

Moreover, in his plea agreement, Petitioner waived his right to bring a collateral challenge under §2255, except for ineffective assistance of counsel or prosecutorial misconduct.

(Doc #: 26 at ¶11.)  Petitioner's motion does not allege either ineffective assistance of counsel or prosecutorial misconduct.  Additionally, the record indicates that Petitioner knowingly and voluntarily entered into his plea agreement, including the waiver of his §2255 rights.  As plea-agreement waivers of §2255 rights are generally enforceable, *Short v. United States*, 471 F.3d 686, 697-98 (6th Cir. 2006), and the Court carefully covered the §2255 waiver during the Change of Plea colloquy, Petitioner is bound by his waiver.

Accordingly, since it plainly appears from the motion and the prior proceedings that Petitioner is not entitled to relief under 28 U.S.C. §2255, the motion is **SUMMARILY DISMISSED** under Rule 4(b).

**IT IS SO ORDERED.**

 */s/Dan Aaron Polster     May 23, 2011*
**Dan Aaron Polster**
**United States District Judge**